[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In his sole assignment of error, appellant Thomas D. Stewart challenges the trial court's determination that he is a sexual predator as defined by R.C. 2950.01(E). In 1984, Stewart pleaded guilty to a reduced charge of rape without force and an accompanying prior-conviction specification. According to the record, Stewart engaged in fellatio with a six-year-old male child in his care. The trial court accepted his plea and sentenced him to fifteen to twenty-five years' incarceration.
At the sexual-predator hearing, the trial court considered the certificates Stewart had been awarded while incarcerated, including one for completion of the Magellan Sex Offender Program in 1998 and one for the completion of Relapse Class and the Magellan Program in 1999. It also considered Stewart's institutional disciplinary record, which included disciplinary actions for stealing, dealing, aiding and abetting, and consensual sex; a Magellan Program Treatment Summary (the summary in the record before us is incomplete and provides no information concerning Stewart's potential to re-offend); and a 1999 Preparole Clinical Risk Assessment. Also before the court were a Sexual Predator Screening Instrument and a victim impact statement. (Although references were made to a presentence investigation report, none was presented to the court.) The trial court also considered the fact that Stewart had tried to assault a thirteen-year-old boy shortly before the rape that gave rise to his conviction.
Stewart concedes that the Ohio Supreme Court has addressed his appellate arguments concerning the constitutionality of the sexual-predator statutes.[1] Still viable on appeal, however, is Stewart's argument that his adjudication as a sexual predator was not supported by clear and convincing evidence. The record reflects that the trial court complied with R.C. 2950.09, considered the evidence before it, and determined by clear and convincing evidence that Stewart was a sexual predator.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] See State v. Williams (2000), 88 Ohio St.3d 513, 728 N.E.2d 342, certiorari denied sub nom. Suffecool v. Ohio (2000), ___ U.S. ___,121 S.Ct. 241; State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, certiorari denied (1999), 525 U.S. 1182, 119 S.Ct. 1122.